UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

NICHOLAS W. LUCADO,

    Plaintiff,

v.

JORGE L. PALMA, and
ANDREU, PALMA, LAVIN & SOLIS, PLLC,

    Defendants.

_____/

# COMPLAINT
# JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## SUMMARY

2.     Plaintiff alleges that Defendant, Jorge L. Plama, committed perjury in a affidavit of costs filed in a state court suit against a consumer by inflating a process server fee or otherwise adding $100.00 to the amounts actually paid to the process server. This practice does not appear to be a isolated event, as an examination of other state court files shows the same practice by Mr. Palma. Alternatively, to a fraudulent misrepresentation of costs incurred and paid, Plaintiff asserts that Mr. Palma signed an affidavit seeking costs in excess of those authorized by Florida law. On a separate issue, Plaintiff alleges that Defendants added $975.00 over and above the amount actually due

by the consumer to a pre-suit debt collection letter and later overstated the amount due in the state court complaint by the same amount.

3. This suit advances the purpose of the FDCPA which is, in part, to insure that debt collectors who comply with the law are not competitively disadvantaged by those who violate the law.

> **(e)** Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 USC § 1692

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Defendants are headquartered or reside in this district and the events alleged herein occurred in this District.

## PARTIES

5. Plaintiff, NICHOLAS W. LUCADO, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

6. Defendant, JORGE L. PALMA, ("Palma") is a natural person and member of the Florida Bar.

7. Palma regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Palma regularly collects or attempts to collect debts due to other parties.

9. Defendant, ANDREU, PALMA, LAVIN & SOLIS, PLLC, ("Andreu") is a limited liability company formed under the laws of the State of Florida and citizen of the State of Florida with its principal place of business at Suite 401, 815 NW 57 Avenue, Miami, Florida 33126.

10. Palma is a principal or employee of Andreu.

11. Andreu is registered with the Florida Department of State Division of Corporations as a domestic limited liability company. Its registered agent for service of process is Juan G. Andreu, Esq., Suite 401, 815 NW 57 Avenue, Miami, Florida 33126.

12. Andreu regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

13. Andreu regularly collects or attempts to collect debts due to other parties.

## FACTUAL ALLEGATIONS

14. Defendants sought to collect from Plaintiff an alleged debt arising from Plaintiff's financing of an automobile purchase.

15. Plaintiff used the automobile for his own personal, family and household purposes.

16. Plaintiff allegedly failed to make payments when due to the original creditor as required by the terms of the financing agreement.

17. Plaintiff's alleged debt went into default with the original creditor.

18. Thereafter, the creditor retained Andreu to collect the alleged debt.

19. On or about June 22, 2018, Defendants sent Plaintiff a letter seeking to collect the alleged debt, the "collection letter" or "letter", attached as Exhibit "A".

20. Plaintiff received the letter shortly thereafter.

21. The letter was the first communication Plaintiff received from Defendants regarding the alleged debt.

22. The letter contains disclosures required by 15 U.S.C. §1692g.

23. The disclosures contained in the letter are required only in an initial communication with a consumer regarding an alleged debt.

24. Because the letter contains disclosures required only in an initial communication and because it was the first letter Plaintiff received from Defendants, Plaintiff alleges that the letter was the first communication Defendants sent to Plaintiff regarding the alleged debt.

25. The letter states that the amount of the debt was $12,795.19 as of the date of the letter.

26. An affidavit dated January 3, 2019 executed by Kelecia Johnson and incorporated into Defendant's motion for summary judgment in the subsequent state court suit, represents that the amount of the debt was $11,820.19.

27. The difference in the amount of the debt between the debt collection letter and the affidavit of Kelecia Johnson is $975.00 ($12,795.19 minus $11,820.19 equals $975.00).

28. Plaintiff did not learn of the true amount of the debt until served with the affidavit of by Kelecia Johnson on April 16, 2019.

29. At all times material to the allegations of this compliant, Plaintiff was representing himself pro-se in the state court proceeding.

30. On or about September 28, 2018, Defendants filed a suit in Broward County Court against Plaintiff and his former spouse seeking to collect the alleged debt, attached as Exhibit "B".

31. On October 17, 2018, Defendants served the state court complaint on Plaintiff. See Affidavit of Service, attached as Exhibit "C".

32. On April 4, 2019, Palma served an affidavit of costs dated April 4, 2019, attached as Exhibit "D".

33. On April 16, 2019, Defendants served a motion for summary judgment, incorporating an affidavit by Kelecia Johnson, (the Johnson affidavit") attached as Exhibit "E".

34. On April 24, 2019, Palma again served an affidavit of costs dated April 4, 2019, attached as Exhibit "F".

35. On July 16, 2019, Palma served, for a third time, an affidavit of costs dated April 4, 2019, attached as Exhibit "G".

36. The affidavit of Palma dated April 14, 2019, filed on three occasions as Exhibit "D"," F", and "G" recites in part:

> The total costs expended by the Plaintiff were $544.00. The filing fee expended by the Plaintiff was $315.00 and the remaining amount was for service of the Summons & Complaint.

*Palma Affidavit* dated April 14, 2019, attached as Exhibits "D", "F", and "G"

37. Starting with the total costs of $544.00 and deducting the filing fee of $315.00 leaves $229.00 for service of the summons and complaint.

5

38. The state court clerk charges $10.00 each for issuance of the two summons, one for Plaintiff and one for his former spouse, which when deducted from the $229.00 stated in the affidavit, leaves $209.00 for the process server's fee.

39. The process server, Joseph S. Marker, Jr. has represented that his standard fee is $30.00 and his fee for same day rush service is $45.00.

40. The Johnson affidavit, attached to the motion for summary judgment, recites that the costs incurred by the original creditor are listed in an attachment to the affidavit. Those costs are listed as:

| | | |
|---|---|---|
| December 6, 2018 | $49.50 | Service of Suit |
| November 30, 2018 | $49.50 | Service of Suit |
| November 9, 2018 | $315.00 | Suit Filing Fee |
| November 9, 2018 | $10.00 | Second Service |

*Johnson Affidavit*, attached to motion for summary judgment Exhibit "E"

41. The total of the costs listed in the Johnson affidavit relating to service of the summons and complaint are $109.00. ($49.50 plus $49.50, plus $10.00 equals $109.00)

42. The Palma affidavit represents the costs for service of the summons and complaint is $209.00.

43. Palma deceptively added $100.00 to the costs actually incurred in his affidavit and committed perjury by doing so.

44. An examination of the court files of other cases filed by Palma show a pattern of adding amounts in excess of the costs routinely charged and or actually incurred for service of process in law suits directed to consumers.

45. In the alternative to a perjurious representation of the costs by Palma, Plaintiff alleges that the amounts sought by Palma exceed those authorized by Florida law.

46. Florida Statute §30.231 limits the fee a sheriff may charge for service of process to $40.00.

47. Private process servers may charge more than the sheriff, however, the summons in this case is addressed to only the sheriff (see Exhibit "C") and thus the least sophisticated consumer would believe that the service of process fees stated in the Palma affidavit were in accordance with the fees a sheriff may charge. Moreover, it is unreasonable to seek costs that are $100.00 or more in excess of the fees chargeable by the sheriff.

48. By filing the exact same affidavit of costs three separate times, the least sophisticated consumer would believe he is liable for triple the amount of costs stated in the repetitively filed affidavit.

49. The representations of debt collectors are governed by the "least sophisticated consumer" standard. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the standard of least sophisticated consumer…" (internal quotations and citations omitted).

## COUNT I

## PERJURIOUS AFFIDAVIT REGARDING THE AMOUNT OF COSTS AGAINST PALMA

50. Plaintiff incorporates Paragraphs 1 through 49.

51. Palma committed perjury by falsely representing the amount of the costs incurred in his affidavit in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Palma for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## MISLEADING REPRESENTATION OF THE AMOUNT OF COSTS AGAINST PALMA
### (IN THE ALTERNATIVE TO COUNT I)

52. Plaintiff incorporates Paragraphs 1 through 49.

53. Palma deceptively and misleadingly represented the amount of the costs in his affidavit by stating amounts not recoverable by law in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Palma for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## TRIPLE REPRESENTATION OF THE AMOUNT OF COSTS AGAINST PALMA

54. Plaintiff incorporates Paragraphs 1 through 49.

55. Palma deceptively and misleadingly represented the right to recover triple the allowable costs by filing and serving his affidavit three separate times in the state court case in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Palma for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE REPRESENTATION OF THE AMOUNT OF THE ALLEGED DEBT IN THE COLLECTION LETTER

56. Plaintiff incorporates Paragraphs 1 through 49.

57. Defendants falsely, deceptively and misleadingly represented the amount of the alleged debt as $12,795.19 in the collection letter in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
## FAILURE TO DISCLOSE THE DOLLAR AMOUNT OF THE ALLEGED DEBT IN THE COLLECTION LETTER

58. Plaintiff incorporates Paragraphs 1 through 49.

59. By stating $12,795.19 as the dollar amount of the alleged debt, in the collection letter, Defendants failed to disclose the amount of the debt in violation of 15 U.S.C. §1692g.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT VI
## FALSE REPRESENTATION OF THE AMOUNT OF THE ALLEGED DEBT IN THE STATE COURT COMPLAINT

60. Plaintiff incorporates Paragraphs 1 through 49.

61. Defendants falsely, deceptively and misleadingly represented the amount of the alleged debt as $12,795.19 in the state court complaint in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
don@donyarbrough.com


Donald A. Yarbrough, Esq.
Florida Bar No. 0158658